JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

**Filed On
9/11/07**

| | |
|---|---|
| In re<br><br>COMTEC BUSINESS SYSTEMS, INC.,<br><br>Debtor(s) | Case No. A07-00143-HAR<br>In Chapter 7<br><br>MEMORANDUM REGARDING DENIAL WITHOUT PREJUDICE OF MOTION TO COMPEL ABANDONMENT |

Debtor filed a motion under 11 USC § 554 to compel "the bankruptcy trustee to abandon his interest in inventory, equipment, parts, and supplies held at debtor's location . . ." The grounds are that "the costs associated with liquidating the aforementioned items would far exceed any purchase price that could be obtained." (Docket 15). Neither the trustee nor any interested party has filed an objection.

Nonetheless, the court is unwilling to grant the abandonment on the basis of the cursory motion filed, in light of the evidence in the record that there may be significant value to the inventory and equipment. The schedules (Docket 1) show no secured creditors (although there is a $42,000 Municipality of Anchorage personal property priority tax scheduled, which may in fact be secured by a tax lien against the equipment and inventory), inventory valued at $20,000 (which cost $184,955), and office equipment valued at $15,000 (which cost $72,781).

There may well be a good business reason for abandoning $35,000 of value, but it has not been explained in the motion, and the court is unwilling to rubber stamp the unopposed motion. The information mined from the schedules should have been included in the motion under our

local rules, which requires stating a description of the property, its fair market value, and any encumbrances.[1]  In general, a motion requires a "clear, concise, complete and candid written statement of the reasons in support thereof,"[2] and the conclusionary explanation in the motion fails to comply with this requirement.  The failure of an adverse party to object <u>may</u> be deemed to be an admission that the motion is well taken,[3] but, by negative implication, the court has discretion to find the motion is not well taken.[4]

Debtor may request a hearing within 10 days of this order, which the court will treat as a motion for reconsideration, or file a more complete motion.

DATED:  September 11, 2007

        /s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

<u>Serve</u>:
Terry Draeger, Esq., for Debor
Ken Battley, Trustee
Peter Hallgrimson, Asst. Municipal Attorney
US Trustee

09/11/07     D6419

---

[1]  Alaska LBR 6007.

[2]  Alaska LBR 9013-1(a)(2).

[3]  Alaska LBR 9013-1(d)(2).

[4]  <u>In re</u> Saylor, 178 BR 209, 211 (9th Cir BAP 1995, *aff'd* 108 F3d 219 (9th Cir 1997) (regarding unopposed request for default judgment); <u>In re Simione</u>, 229 BR 329, 333 (Bankr WD Pa 1999) (unopposed request for default judgment); <u>In re Peak Bldg. Corp.</u>, 159 BR 646, 647 (Bankr RI 1993) (where the local rule specifically gave the court the option of denying an unopposed motion).

MEMORANDUM REGARDING DENIAL WITHOUT
PREJUDICE  OF MOTION TO COMPEL ABANDONMENT    Page 2 of 2